JAMES F. McKAY, Judge.
hThe State appeals the trial court’s June 18, 2010 judgment, granting the defendant’s, Daryn Giselair, motion to quash the bill information. The sole issue before this Court is whether the new prosecution was timely instituted pursuant to La. C. Cr. Pro. Articles 572 and 576. For the reasons to follow, we affirm the trial court’s judgment.
The record is void of any factual information concerning the details of the alleged crimes or the original Bill of Information in case No. 483-284. The notation on the docket master reflects that the defendant was charged with one count of attempted theft of $300.00 to $500.00 pursuant to La. R.S. 14:27, 14:67(B). [1] What can be gleaned from the record is that Daryn Giselair was accused of committing attempted theft of a VISA ATM card belonging to Seth Stacy, on November 7, 2007, at Harrah’s Casino.
On January 16, 2009, in case number 483-284, F-M2, the State filed a bill of information against Daryn Giselair with the misdemeanor crime of attempted theft 12of an item valued between $300.00 and $500.00. On August 24, 2009, the State entered a nolle prosequi.
On June 2, 2010, in the case sub judice, Case No. 497-272, as noted on the State’s action screening form where the State accepted the charges against the defendant, the State recharged Daryn Giselair with unauthorized use of a movable, an access card, valued at over five hundred dollars and with possession of stolen property, an access card, valued over $500.00, a violation of La. R.S. 14:67.3 and La. R.S. 14:69.
DISCUSSION
The sole issue that the State argues before this Court is whether the trial court erred in its calculation of the time allotted for reinstitution in such cases. The State asserts that pursuant to La.C.Cr.P. art. 576, the State may dismiss and reinstitute charges in accordance with La.C.Cr.P. art. 572, unless it is demonstrated to the satisfaction of the trial court that the dismissal was for the purpose of avoiding time limitations.
On June 18, 2010, the trial court ruled as follows:
BY THE COURT:
“All right.
The state had six months to reinstitute the charge.
The difference here is that there is a different charge because they upped the charge, but the factual situation, I am made to understand, is the same, identical.
And, I believe because of the factual situation being the same, I think that a *800 Motion to Quash lies, and I am granting the Motion to Quash.”
The State maintains that the prosecution of the new felony case was instituted timely. It argues that La.C.Cr.P. art. 572(A)(2) grants the state a total of | sfour years to initiate prosecution of a felony not necessarily punishable by imprisonment at hard labor. The State further asserts that La. C.Cr.P. art. 576 permits the filing of enhanced charges arising out of the same set of facts, and that in the instant case, the felony charges were filed within the four year expiration period.
La.C.Cr.P. art. 572(A) states the following:
A. Except as provided in Articles 571 and 571.1, no person shall be prosecuted, tried, or punished for an offense not punishable by death or life imprisonment, unless the prosecution is instituted within the following periods of time after the offense has been committed:
(1) Six years, for a felony necessarily punishable by imprisonment at hard labor.
(2) Four years, for a felony not necessarily punishable by imprisonment at hard labor.
(3) Two years, for a misdemeanor punishable by a fine, or imprisonment, or both.
(4) Six months, for a misdemeanor punishable only by a fine or forfeiture.
La.C.Cr.P.art. 576 states:
When a criminal prosecution is timely instituted in a court of proper jurisdiction and the prosecution is dismissed by the district attorney with the defendant’s consent, or before the first witness is sworn at the trial on the merits, or the indictment is dismissed by a court for any error, defect, irregularity, or deficiency, a new prosecution for the same offense or for a lesser offense based on the same facts may be instituted within the time established by this Chapter or within six months from the date of dismissal, whichever is longer. A new prosecution shall not be instituted under this article following a dismissal of the prosecution by the district attorney unless the state shows that the dismissal was not for the purpose of avoiding the time limitation for commencement of trial established by Article 578.
| ¿The only offense that the defendant was charged with in case number 483-284 F/M2 was a misdemeanor, the attempted theft of an access card, an item said to be valued at between $300.00 and $500.00.
La. R.S. 14:67.3(E) sets forth the statutorily mandated value of an actual access card as follows:
E. As used herein and in R.S. 14:67, the Access Card itself shall be a thing of value, with a value less than one hundred dollars, (emphasis added)
To reiterate, in the original charge, the State charged Daryn Gisclair on January 16, 2009, with attempted theft of an item whose value lies between three hundred and five hundred dollars. This attempted theft case was nolle prosequied in Magistrate Court and reinstituted in Criminal District Court as Case No. 497-272, charging Daryn Gisclair with unauthorized use of an access card valued at least five hundred dollars and possession of an access card valued at least $500.00. At first glance, the charges on June 2, 2010, under La. R.S. 14:67.3 and La. R.S. 14:69 appear to be filed within the four year time limit. However, La. R.S. 14:67.3(E) specifically places the value of an access card at less than one hundred dollars. We note that the time limitation for instituting proceedings for the charges under La.C.Cr.Pro. *801 art. 572(A)(3) is two years. The present offenses occurred on November 7, 2007, and the bill of information was filed on June 16, 2010, more than two years later. Thus, both charges under case No. 497-272 were properly quashed.
Accordingly, we affirm the trial court’s judgment granting the defendant’s motion to quash.
AFFIRMED

. We note that the docket misrepresents the exact charge, specifically, La. R.S. 14:67(B)(3).